**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS GAGE, | : |
| Plaintiff, | : Civil Action No. 12-2620 (FLW) |
| v. | : **OPINION** |
| STATE JUDGE, FRED H. KUMPF, <u>et al.</u>, | : |
| Defendants. | : |

**<u>WOLFSON, District Judge</u>:**

Persistent in his over-zealous pursuit of claims related to a zoning dispute, Plaintiff Thomas Gage ("Plaintiff"), after numerous failed attempts, once again brings suit against the same defendants[1] who were previously sued by Plaintiff in state and federal courts based upon nearly identical factual allegations. The defendants include: Joseph E. Murray, Esq., Jay B. Bohn, Esq., Sleepy Hollow of Warren, LLC, Dorothy D'Angelo (collectively the "Moving Defendants"), the Honorable Fred H. Kumpf, J.S.C.,, Alan A Siegel, Esq., Marianne Cammarota & Prout & Cammarota, L.L.P., Kevin Page, John T. Chadwick, IV, Gary W. Dean, Johnny E. Coley, Esq., and Committeman Victor Sordillo.[2]   Presently before the Court, the Moving

---

1. Plaintiff has added three new individuals defendants, i.e., Murray, Bohn and Committeman Sordillo, to this litigation.

2. As of the date of this Opinion, Defendants Judge Kumpf, Siegel, Cammarota, the Prout Firm, Page, Chadwick, Dean, Coley and Committeman Sordillo have not been served by Plaintiff, although Summonses have been issued.  Furthermore, the Court has already acknowledged that the Moving Defendants have waived service by filing their motions.  <u>See</u> Letter Order dated June 13, 2012.

Defendants seek to dismiss the claims asserted against them, and having expended a considerable amount of legal fees and costs resulting from being repeatedly hailed into court by Plaintiff, the Moving Defendants also seek sanctions against him.  For the reasons that follow, the Moving Defendants' motion to dismiss is **GRANTED**, and their request for an All Writs Injunction is **GRANTED**; however, the Moving Defendants' motion for sanctions pursuant to Fed. R. Civ. P. 11 is **DENIED**.

**BACKGROUND AND PROCEDURAL HISTORY**

For the purposes of this Opinion, the Court will not recount the underlying facts of this case in detail as the Court has already done so in its previous Opinions.  See, e.g., Opinion dated November 29, 2011, Civ Action No.11-1501.  Essentially, the genesis of Plaintiff's complaints is his dissatisfaction with the Warren Township Planning Board's 2005 and 2008 approvals for a subdivision of a development project of defendant Sleepy Hollow, which development was adjacent to Plaintiff's formerly owned property.[3]  See Compl., p. 10.  Determined that his rights were violated by such approvals, Plaintiff initiated his litigation campaign against the Township, the development company and other corporate individuals in state courts through various suits; each of those attempts were soundly rejected by state judges.  Having failed at the state level, Plaintiff brought an identical suit in this Court, which was dismissed based upon various preclusion doctrines.  To illustrate the extent of Plaintiff's efforts, below is a summary of the

---

3.  In the course of Plaintiff's legal pursuit against Sleepy Hollow, a default judgment for foreclosure was entered with respect to his property.  In fact, this Court also presided over Plaintiff's suit against various New Jersey state entities and individuals, along with Wells Fargo Bank, N.A., which were defendants in his foreclosure action.  See Gage v. Wells Fargo, Civ Action No. 11-3515.  This Court dismissed his claims in that case, and consequently, Plaintiff's property was foreclosed.

previous state and federal actions:

1.  <u>Gage v. Sleepy Hollow of Warren (Gage I)</u>, New Jersey Superior Court, Law Division, Somerset County, SOM-L-1574-05 - an action in lieu of prerogative writs challenging the preliminary subdivision approval granted to Sleepy Hollow in 2005.  The State Court dismissed Plaintiff's claims.

2.  <u>Gage v. Sleepy Hollow of Warren (Gage II)</u>, New Jersey Superior Court, Law Division, Somerset County, SOM-L-1340-08 - an action in lieu of prerogative writs challenging the amended preliminary and partial final subdivision approval granted to Sleepy Hollow in 2008.  Plaintiff's claims were dismissed and the dismissal was affirmed by the Appellate Division (A-5679-08TS, October 18, 2010).

3.  <u>Gage v. Prout & Cammarato (Gage III)</u>, New Jersey Superior Court, Law Division, Morris County, MRS-L-1970-09 - an action against the Planning Board court reporter and her agency alleging manipulation of the transcripts.  The claims were dismissed with prejudice.

4.  <u>Gage v. State of New Jersey (Gage IV)</u>, United States District Court, District of New Jersey, Civ. Action No. 10-2603 - an action against the State containing generalized allegations of corruption and treason against various local and state government officials.  This Court dismissed the suit <u>sua</u> <u>sponte</u> for failure to plead properly pursuant to Fed. R. Civ. P. 8(a).  That dismissal was affirmed by the Third Circuit.

3

5.    <u>Gage v. Warren Township Committee & Planning Board Members (Gage V)</u>, United States District Court, District of New Jersey, Civ. Action No. 11-1501 - an action against municipal officials, property owner, applicant, applicant engineer, court reporter and her agency, state court judges and state judiciary (same defendants named in the present action), seeking to void state court orders and development approvals and damages.  This Court dismissed the case and the dismissal was summarily affirmed by the Third Circuit on March 2, 2012.

Immediately after the Third Circuit's March 2, 2012 affirmance, Plaintiff filed notices of <u>lis</u> <u>pendens</u> in the Office of the Clerk of Somerset County for both the District Court and Court of Appeals matters which were, at the time, no longer pending.  On April 23, 2012, the Third Circuit issued an order denying Plaintiff's petition for rehearing and suggestion for rehearing <u>en banc</u>.  Soon after, on May 2, 2012, Plaintiff filed the instant action, and on May 10, 2012, Plaintiff filed another notice of <u>lis</u> <u>pendens</u> based upon this filing.[4]

In the instant Complaint, Plaintiff begins by recounting his rights under the Constitution and quoting therefrom.  Plaintiff then goes on to repeat factual allegations related to the approved development project he had asserted in previous complaints.  This time, Plaintiff brings a barrage of criminal complaints against the defendants collectively.   In so doing, Plaintiff mistakenly bases most of his causes of action on criminal statutes, such as, <u>inter</u> <u>alia</u>, 18 U.S.C. § 4 (misprision of felony), 18 U.S.C. § 1505 (obstruction of justice), 18 U.S.C. § 1510 (obstruction of criminal investigation) and 18 U.S.C. § 1512 (witness tampering).   Moreover, Plaintiff's

_____

4.  On June 13, 2012, the Court issued a Letter Order discharging Plaintiff's notice of <u>lis</u> <u>pendens</u> because he had no legal basis for that filing.  <u>See</u> Letter Order dated June 13, 2012.

4

opposition papers make clear that Plaintiff's claims are criminal in nature.  See Pl. Brief, p. 3.

The Court will first turn to the Moving Defendants' motion to dismiss before addressing their motion for sanctions.

**DISCUSSION**

I.      **Motion to Dismiss**

A.      **Standard of Review**

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and quotations omitted).   In Bell Atlantic Corporation v. Twombly, 550 U.S. 544 (2007), the Supreme Court clarified the 12(b)(6) standard.  Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Twombly, 550 U.S. at 561 (quoting Conley, 355 U.S. at 45-46).  Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  Phillips,

515 F.3d at 234 (quoting <u>Twombly</u>, 555 U.S. at 555).

In affirming that <u>Twombly</u> standards apply to all motions to dismiss, the Supreme Court recently explained the principles.  First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1948-49 (2009).  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Id</u>.  Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id</u>. at 1949.  Ultimately, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 211 (3d Cir. 2009).  Moreover, in deciding a motion to dismiss, the court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of plaintiff's claim. <u>Lum v. Bank of Am.</u>, 361 F.3d 217, 222 n. 3 (3d Cir. 2004).

The Third Circuit recently reiterated that "judging the sufficiency of a pleading is a context-dependent exercise" and "[s]ome claims require more factual explication than others to state a plausible claim for relief." <u>West Penn Allegheny Health System, Inc. v. UPMC</u>, No. 09-4468, 2010 WL 4840093, at *8 (3d Cir. Nov. 29, 2010).  This means that, "[f]or example, it generally takes fewer factual allegations to state a claim for simple battery than to state a claim for antitrust conspiracy." <u>Id</u>.  That said, the Rule 8 pleading standard is to be applied "with the same level of rigor in all civil actions." <u>Id</u>. at *7 (quoting <u>Ashcroft</u>, 129 S.Ct. at 1953).

### B.    Misprision of Felony

Plaintiff alleges in Count II of the Complaint that attorneys Murray and Bohn committed

misprision of felony for concealing the wrongful denial of Plaintiff's demand for a jury trial in state court in violation of 18 U.S.C. § 4. Both Murray and Bohn represented defendants Sleepy Hollow and D'Angleo in connection with the previous cases brought by Gage. Count II must be dismissed. Plaintiff does not have a private right of action under 18 U.S.C. § 4.

It is beyond cavil that there is no private right of action to bring a claim pursuant to 18 U.S.C § 4: "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). A private right of action to enforce a federal law is only established by Congress, and the judicial duty is to only interpret the statute. Touche Ross & Co. v. Redington, 442 U.S. 560, 578 (1979). In this regard, 18 U.S.C § 4 is criminal in nature and therefore fails to confer "rights-creating language." The United States Supreme Court has repeatedly held that private plaintiffs can only enforce statutes that have "'rights-creating language' and provide for 'a private remedy.'" Alexander v. Sandoval, 532 U.S. 275, 286 (2001). Therefore, under clear Supreme Court guidance, Plaintiff does not have the authority to bring an individual criminal claim against defendant Bohn or Murray in this Court. See Cannon v. University of Chicago, 441 U.D. 677, 668 (1979). Accordingly, Count II against Murray and Bohn is dismissed.

### C. Negligent Conspiracy

In Count IV, Plaintiff requests that all the approvals rendered by the Warren Township authorities to Sleepy Hollow and its owner D'Angelo be regarded as "nullities and void" due to the unlawful conduct of the Board. See Comp., p. 21. In particular, Plaintiff alleges that negligent actions of Sleepy Hollow and D'Angelo contributed to the conspiracy plans of Attorney Coley, which "inflicted a criminal action on the Plaintiff and his family." Id. In

7

addition, Plaintiff requests monetary restitution for the "Torts" they have inflicted upon him in the amount of $10 million. Id. First and foremost, the Court has not found any authority in New Jersey that has recognized the state law claim of "Negligent Conspiracy." Indeed, civil conspiracy requires an agreement between two or more people to engage in an act. See Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 414 (3d Cir. 2003). Clearly, a theory of negligence would not be viable to support a conspiracy claim.

To the extent Plaintiff attempts to bring a claim of civil conspiracy against Sleepy Hollow and D'Angelo, that claim was brought in Gage V and barred by res judicata. This second time around, Plaintiff's civil conspiracy claim is similarly barred by res judicata. The law is clear that a final judgment on the merits will bar any future actions on identical claims between the parties and their privies. See Bierley v. Dombrowski, 309 Fed. Appx. 594, 596-97 (3d Cir. 2009). As this Court stated in its previous Opinion in Gage V, when a prior case has been adjudicated in a state court, federal courts are required by 28 U.S.C. 1738 to give full faith and credit to the state judgment. Edmundson v. Borough of Kennett Square, 4 F.3d 186, 189 (3rd Cir. 1993)(citations omitted).

In the instant Complaint, Plaintiff continues to assert the same allegations related to the Warren Township approvals against Sleepy Hollow and D'Angelo, and Plaintiff accuses of them of the same conduct, which accusations have already been rejected by state courts and this Court. Hence, Plaintiff is precluded from bringing a claim of civil conspiracy by the doctrine of res judicata.

In conclusion, the remaining claims in the Complaint are against other named defendants, who have not been served at this time.  As to the Moving Defendants, none of the claims against them have any merit and thus, they are dismissed.

## II.     Motion for Sanctions

There are two types of sanctions the Moving Defendants seek; for one, an injunction to preclude Plaintiff from filing any future suits relating to the Sleepy Hollow development site without leave of court pursuant to the All Writs Act, and the other, sanctions pursuant to Fed. R. Civ. P. 11.  The Court finds that an injunction is appropriate.

### A.     All Writs Act

As this Court has previously observed:

> [Courts] have the inherent power to protect [themselves] from [a party's] oppressive and frivolous litigation. See Chambers v. NASCO, Inc., 501 U.S. 32 (1991); see also Inst. for Motivational Living, Inc. v. Doulos Inst. for Strategic Consulting, Inc., No. 03-4177, 110 Fed. Appx. 283 (3d Cir. 2004) (finding that "the District Court had inherent authority to impose [a] … sanction" against a vexatious pro se litigant). Moreover, the All Writs Act, which provides in pertinent part that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of the law," 28 U.S.C. § 1651(a), lends further support to the Court's ability to issue a restriction against Plaintiff. According to the Third Circuit, Section 1651 (a) authorizes district courts to issue an injunction, thereby restricting the access to federal courts of parties who repeatedly file frivolous lawsuits. Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir.), cert. denied, 498 U.S. 806 (1990).

Tilbury v. Aames Home Loan, No. 05-2033, 2005 U.S. Dist. LEXIS 32221, at *36-37 (D.N.J. Dec. 9, 2005), aff'd 199 Fed. Appx. 122 (3d Cir. 2006).

While the Court should be flexible when dealing with pro se litigants, see In re McDonald, 489 U.S. 180, 184 (1972), and that the Moving Defendants are seeking an extreme

remedy, I must ensure that the Court's limited resources are allocated in such a manner as to protect and promote the interests of justice. No plaintiff should be permitted to repeatedly abuse the judicial system for his/her own gain.  Here, such a restraint against Plaintiff is indeed warranted and needed to prevent Plaintiff from filing any more baseless, frivolous and abusive complaints.  See In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").  Gage's claims have been litigated and re-litigated multiple times in state and federal courts.  Egregiously, soon after the Third Circuit affirmed this Court's last dismissal of Plaintiff's claims relating to the same subject matter as in this case, Plaintiff brought this lawsuit against the same defendants.  Although Plaintiff characterizes his current Complaint as criminal in nature, that characterization does not save Plaintiff's Complaint from being dismissed as frivolous and baseless.  Plaintiff does not have the authority to bring any criminal complaints against the defendants. See Shaw v. Neece, 727 F.2d 947, 949 (10th Cir. 1984) ("a plaintiff cannot recover civil damages for an alleged violation of a criminal statute"); Fiorino v. Turner, 476 F. Supp. 962, 963 (D. Mass. 1979) (finding that violations of criminal statutes do not give rise to a civil cause of action); U.S. ex rel. Savage v. Arnold, 403 F. Supp. 172, 173 n.1 (E.D. Pa. 1975) (finding that the criminal statutes upon which the plaintiff based his complaint do not allow for a civil remedy).  In fact, no matter how Plaintiff recasts his claims, so long as those claims involve the same factual predicates that have already been litigated, Plaintiff is precluded from bringing them.

In sum, as result of his multiple filings, Plaintiff has subjected a majority of the defendants to unnecessary court proceedings, and has in turn, wasted valuable judicial resources.

10

It is time for finality in this long and tortured history of litigation involving the Sleepy Hollow development project.  Therefore, in the interest of promoting judicial efficiency and deterring further frivolous filings, this Court enjoins Plaintiff Thomas Gage, when proceeding pro se, from filing a complaint against any of the defendants herein or any employee, agent, or attorney thereof, in the United States District Court, District of Jersey, relating to the Sleepy Hollow development, without prior leave of this Court. See Perry v. Gold & Laine, P.C., 371 F. Supp.2d 622, 632 (D.N.J. 2005) (issuing a similar injunction against a pro se plaintiff); Smith v. Litton Loan Servicing, LP, 2005 U.S. Dist. LEXIS 1815, Case No. 04-2846, 2005 WL 289927 (E.D. Pa. Feb. 4, 2005) (issuing a similar injunction against pro se plaintiffs).  In that regard, leave of court will be freely granted upon Gage showing through a properly filed petition that a specific proposed filing: (1) can survive a challenge under Federal Rule of Civil Procedure 12; (2) is not barred by principles of claim or issue preclusion; (3) is not repetitive or violative of a court order; and (4) is in compliance with Federal Rule of Civil Procedure 11.  The Order and Injunction to follow will not apply to the filing of timely notices of appeal from this Court to the Third Circuit Court of Appeals and papers solely in furtherance of such appeals.

Having issued an injunction, the Court finds that an award of sanctions pursuant to Fed. R. Civ. P. 11 is not necessary.  With the injunction in place, Plaintiff should be sufficiently deterred from filing frivolous lawsuits against defendants.

## CONCLUSION

For the foregoing reasons, the Moving Defendants' motion to dismiss is **GRANTED**. The Court also issues an All Writs Injunction to prevent Plaintiff from filing any future lawsuits against any of the defendants herein or any employee, agent, or attorney thereof, in the United

11

States District Court, District of Jersey, relating to the Sleepy Hollow development, without prior leave of this Court.  The Moving Defendants' request for Rule 11 sanctions is **DENIED**.

      Moreover, since 120 days have elapsed and Plaintiff has failed to serve the Summons and Complaint against the remaining defendants in this case – Judge Kumpf, Siegel, the Prout Firm, Cammarota, Page, Chadwick, Dean, Coley and Committeman Sordillo – the Court hereby orders Plaintiff to show cause why his Complaint should not be dismissed for failure to prosecute.  In that connection, Plaintiff shall provide the Court with a written statement by November 27, 2012, as to the reasons why timely service has not been made and his intentions with regards to service. If such a statement is not timely received by the Court, Plaintiff's Complaint will be dismissed for failure to comply with the appropriate Rules.  As a final note, Plaintiff is well advised that the Court, having reviewed his Complaint against all the defendants, finds that the reasoning set forth in this Opinion in dismissing the claims against the Moving Defendants may equally apply to the claims against the remaining defendants.

DATED: November 15, 2012                              /s/ Freda L. Wolfson
                                                   Freda L. Wolfson, U.S.D.J.